UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONIQUE BOND and BRIGITTE GRINGAS,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CRUISEPORT CURACAO, C.V., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-1639-MJP<br><br>ORDER DENYING MOTION TO DISMISS LOSS OF CONSORTIUM CLAIM AND TO ENFORCE THE ATHENS CONVENTION |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss and to Enforce the Athens Convention. (Dkt. No. 25.) Having reviewed the Motion, the Response (Dkt. No. 29), the Reply (Dkt. No. 30) and the related record, the Court DENIES the Motion.

**Background**

This matter arises from a slip-and-fall by Plaintiff Monique Bond while she was a passenger on board the *MS Noordam*, a cruise ship owned and operated by Defendants Cruiseport Curacao C.V., Holland America Line L.V., and Holland America Line, Inc. (See

Dkt. No. 1.) On November 8, 2016, Ms. Bond, along with her spouse Ms. Gringas, boarded the *MS Noordam* in Auckland, New Zealand for a tour of Australia, New Zealand, and the South Pacific. (Id. at ¶ 13.) On December 5, 2016, Ms. Bond slipped on board, dislocating and fracturing her knee. (Id. at ¶¶ 14, 19.) Ms. Bond and Ms. Gringas brought this action against Defendants for negligence and loss of consortium. (Id. at ¶¶ 25-35.)

Defendants now move to dismiss Ms. Gringas' claim for loss of consortium and to enforce the limitations on liability under the Athens Convention.

**Discussion**

I.     Legal Standard

      A.   Rule 12(b)(6)

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint may fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." Woods v. U.S. Bank N.A., 831 F.3d 1159, 1162 (9th Cir. 2016). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (1955)). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice, nor will "naked assertions" devoid of "further factual enhancement." Id.

**B. Rule 56**

In general, the Court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting it into a motion for summary judgment. See Van Buskirk v. CNN, 284 F.2d 977, 980 (9th Cir. 2002). Under Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant bears the initial burden to demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute over a material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986). On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

**II. Loss of Consortium Claim**

Defendants contend that general maritime law does not recognize a claim for loss of consortium where a ship passenger is injured. (Dkt. No. 25 at 4-8.) Plaintiffs respond that the cases relied upon by Defendants—namely Miles v. Apex Marine Corp., 498 U.S. 19 (1990) and Chan v. Society Expeditions, Inc., 39 F.3d 1398 (9th Cir. 1994)—do not preclude recovery for loss of consortium in an unseaworthiness claim. (Dkt. No. 29 at 3-4.) For the same reasons it did so in Barrette v. Jubilee Fisheries, Inc., Case No. 10-1206MJP, 2011 WL 3516061 (W.D. Wash. Aug. 11, 2011), the Court concludes that Miles and Chan have been limited by the Supreme Court's later ruling in Atlantic Sounding Co., Inc. v. Townsend, 557 U.S. 404 (2009), indicating that Ms. Gringas' loss of consortium claim is not barred.

1       In <u>Miles</u>, the Supreme Court held that limitations on recovery for loss of consortium under the Jones Act also precluded recovery for loss of consortium in wrongful death actions brought under general maritime law. <u>See</u> 498 U.S. at 33. The Court reasoned that its holding brought general maritime law into conformity with the Jones Act and the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761-762, which explicitly excluded loss of consortium in wrongful death actions. <u>Id.</u>

      In <u>Chan</u>, the Ninth Circuit extended <u>Miles</u> to preclude recovery for loss of consortium for every maritime tort that occurs on the high seas, reasoning that to do otherwise "would effectively reward a tortfeasor for killing, rather than merely injuring his victim." 39 F.3d at 1408.

      After <u>Chan</u>, however, the Supreme Court clarified the scope of <u>Miles</u> in <u>Townsend</u>, cautioning that lower courts had applied it too broadly to the detriment of maritime plaintiffs. In <u>Townsend</u>, the plaintiff sought punitive damages on a maintenance and cure claim brought under general maritime law and the Jones Act. 557 U.S. at 408. The defendants argued that, under <u>Miles</u>, the plaintiff was limited to damages available under the Jones Act, which did not include punitive damages. <u>Id.</u> The Supreme Court disagreed, reasoning that the Jones Act applied only to causes of action involving negligence and "did not eliminate pre-existing remedies available to seamen for the separate common-law cause of action based on a seaman's right to maintenance and cure." <u>Id.</u> at 415-16. "Because the then-accepted remedies for injured seamen arose from the general maritime law, it necessarily follows that Congress was envisioning the continued availability of those common-law causes of action." <u>Id.</u> at 416 (citations omitted). The Jones Act was "for the benefit and protection of seamen," and "[i]ts purpose was to enlarge that protection, not to narrow it." <u>Id.</u> at 417 (citations omitted). In other words, <u>Townsend</u>

recognized that simply because the Jones Act provides a remedy for a given cause of action "does not mean that the Jones Act provides the only remedy." Id. at 422-23 (citation omitted).

Here, as in Barrette, the Court finds that, because the claim of unseaworthiness and the remedy of loss of consortium both existed in general maritime law long before the Jones Act, the Jones Act does not preclude recovery for loss of consortium in an unseaworthiness action. See Barrette, 2011 WL 3516061 at *5. The Court further finds that the fact that Ms. Bond was a passenger as opposed to a seaman does not undermine, but rather strengthens her claim for recovery, as nowhere does the Jones Act limit a *passenger*'s right to recover non-pecuniary damages. See Morgan v. Almars Outboards, Inc., 316 F. Supp. 3d 828, 844 (D. Del. 2018) (explaining that, although the Jones Act limits damages by reference to the Federal Employers' Liability Act ("FELA"), 45 U.S.C § 51 et seq., "only the Jones Act's provision governing seamen incorporates FELA; the passenger provision does not," and for this reason "it becomes all the more clear that non-pecuniary damages should be available to passengers, to whom the limitations of FELA have no logical applicability.").

Therefore, the Court DENIES Defendants' Motion to Dismiss Ms. Gringas' loss of consortium claim.

### III. Motion to Enforce the Athens Convention

Defendants contend that the Athens Convention was incorporated into the passenger ticket contract (the "Cruise Contract") issued to Plaintiffs, and limits their monetary recovery against Defendants to 400,000 Special Drawing Rights (SDRs).[1] As an initial matter, because this portion of Defendants' Rule 12(b)(6) Motion requires the Court to consider materials beyond the pleadings, the Court will treat it as a motion for partial summary judgment under Rule 56.

---

[1] The equivalent of approximately USD $553,200 as of December 3, 2018.

Because the United States is not a signatory to the Athens Convention, its limitation on liability applies only where it is validly incorporated into a passenger ticket contract. See Wallis v. Princess Cruises, Inc., 306 F.3d 827, 839 (9th Cir. 2002). As such, "an Athens Convention limitation must be reasonably communicated before it can bind a passenger under federal maritime law." Id. In making this determination, the Court must consider the "the overall circumstances," including (1) "the physical characteristics of the ticket" (i.e., "features such as size of type, conspicuousness and clarity of notice on the face of the ticket, and the ease with which a passenger can read the provisions in question") and (2) the "surrounding circumstances" and "extrinsic factors indicating the passenger's ability to become meaningfully informed" (i.e., "the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside of the ticket." Id. at 835-36 (citations omitted) (emphasis omitted). Whether a ticket provides reasonable notice is a question of law. Id. at 839. (citation omitted).

Here, the Cruise Contract provides as follows:

**LIMITATIONS ON CARRIER'S LIABILITY; INDEMNIFICATION**

**(E) Cruises To/From or Within the EU:** *On international cruises which neither embark, disembark nor call at any U.S. port and where You commence the cruise by embarking or disembarking in a port of a European Member State, Carrier shall be entitled to any and all liability limitations and immunities for loss of or damage to luggage, death and/or personal injury as provided under EU Regulation 39212009 on the liability of carriers to passengers in the event of accidents*. Unless the loss or damage was caused by a shipping incident, which is defined as a shipwreck, capsizing, collision or stranding of the ship, explosion or fire in the ship, or defect in the ship (as defined by the Regulation), Carrier's liability is limited to no more than 400,000 Special Drawing Rights ("SDR") per passenger, (approximately U.S. $564,000, which fluctuates depending on the daily exchange rate as published in the Wall Street Journal) if the passenger proves that the incident was a result of Carrier's fault or neglect. . .

(Dkt. No. 25-3, Ex. 1 at 13-14) (emphasis added).

While Defendants claim that "[t]his language placed Plaintiffs on notice that the Athens Convention limited [their] liability" (Dkt. No. 25 at 10), the Court disagrees. By its own language, the limitation on liability does not apply to the *MS Noordam*, which manifestly did not "commence . . . by embarking or disembarking in a port of a European Member State." Although the physical characteristics of the Cruise Contract otherwise appear sufficient to put Plaintiffs on notice of this provision (i.e., it is legible and bears the heading "LIMITATIONS ON CARRIER'S LIABILITY; INDEMNIFICATION"), the use of the conjunctive "and" in the excerpted language above would lead a reasonable passenger to believe that the Athens Convention applies *only* where a cruise embarks or disembarks within the EU, and would provide the average passenger with "little incentive to invest sufficient effort . . . to study the provisions of the ticket" that follow. Wallis, 306 F.3d at 836. In Wallis, the Ninth Circuit found that a passenger contract was not reasonably communicated where it was "unclear . . . whether the liability limitations applicable under the Athens Convention would necessarily apply," such that a passenger would be led to regard such limitations as "only a potentially binding term" of the contract. Id. Here, a reasonable passenger on a cruise that does not embark or disembark within the EU—such as the *MS Noordam*—would be led to regard the Athens Convention as entirely inapplicable, and would have no incentive whatsoever to research its provisions or otherwise learn that its reach was broader than stated in the Cruise Contract.

Therefore, the Court DENIES Defendants' Motion to Enforce the Athens Convention, and finds that its limitations on liability do not apply as a matter of law.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 4, 2018.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge