The Hon. Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONIQUE BOND and BRIGITTE GINGRAS,

    Plaintiffs,

vs.

CRUISEPORT CURACAO C.V., a foreign corporation; HOLLAND AMERICA LINE N.V., a foreign corporation; and HOLLAND AMERICA LINE INC., a Washington corporation;

    Defendants.

AT LAW AND IN ADMIRALTY

Case No. 2:17-cv-01639-MJP

PLAINTIFFS' TRIAL BRIEF

## I.  OVERVIEW

This cruise ship slip and fall case comes on for trial by jury beginning Friday, May 31. The injury to Monique Bond ("Bond") occurred on December 5, 2016. Bond and her wife, Brigitte Gingras, ("Gingras") were near the end of their 29-day cruise when Bond slipped on a wet, slippery tile on the upper deck of defendants' cruise ship. Bond severely injured her right knee. Bond and Gingras, both recently retired, are Canadian citizens living in Ottawa.

Liability is contested. There is little evidence of how Bond slipped and fell. The investigative report by the ship's Security Officer affords little help. Several spa employees in the

PLAINTIFFS' TRIAL BRIEF - 1

No. 2:17-cv-01639-MJP

CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com

area at the time of the fall were not interviewed. Attending nurses were not interviewed. The investigator did not secure the scene and did not indicate the time of his investigation. Surveillance cameras in the area were not trained on the area of the fall even though there had been five other reported and investigated falls in the precise area during the two-year period leading up to Bond's fall. Four of the five fall victims reported a slippery wet surface.

## II  ISSUES

There are two issues Plaintiff would like to address: 1) jury instructions regarding the duty of the defendant; and 2) the issue of pre-existing conditions.

**Instructions on Duty:** The duty to Bond by the defendant is to exercise reasonable care under the circumstances. Western Washington Federal District Court is the jurisdiction chosen by the defendant and contractually mandated by the cruise contract. Washington adopted Restatement (Second) of Torts § 343 regarding a landowner's duty to an invitee. Plaintiffs' Proposed Jury Instructions sets forth that duty, the exception (§ 343(A)), and Comments (f) to that exception. It is Plaintiffs' position that reasonable care under the circumstances of passengers on a cruise ship is the same as a landowner's duty to an invitee in the circumstances of this case.

**Preexisting Condition:** Plaintiff requests this Court rule in limine disallowing any testimony, evidence or argument concerning the Plaintiff's prior health history unless (1) it relates directly to the injuries and conditions claimed herein, **and**; (2) there is substantial evidence that those areas were symptomatic at or near the time of the subject collision; **and** (3) there is competent medical testimony supporting any such theory.

Defendant's CR 35 examiner speak of previous injuries and pre-existing conditions and treatment. It is anticipated that the defense will attempt to offer evidence of unrelated conditions or injuries the Plaintiff may have experienced prior to December 5, 2016, in an effort to impeach

PLAINTIFFS' TRIAL BRIEF - 2

No. 2:17-cv-01639-MJP

CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com

the treating physician's long-term prognosis, or to otherwise call Plaintiff's injuries into doubt by eliciting speculation from the jury on the nature, extent, and cause of Plaintiff's injuries. Defendant's CR 35 examiner addresses alleged pre-existing conditions that were asymptomatic prior to the incident. Any preexisting condition or previous injury to her **back** is not directly or even indirectly related to her claimed **knee** injury, specifically a displaced and transverse comminuted fracture of her right patella and its sequellae.

Evidence of prior injury or condition alone is not relevant or admissible. A prior injury or condition is relevant only if it was symptomatic at or near the time of the subject collision and relates directly to the conditions complained of.

Even if there were a prior asymptomatic condition which left the plaintiff more vulnerable to injury, such would be inadmissible under WPI 30.18 - prior infirm condition - asymptomatic. *Sutton v Shufelberger*, 31 Wn. App 579, 584, 643 P.2d 820 (1982) is on point.

It is reversible error even to consider a case as one of aggravation, or to instruct the jury on aggravation of a pre-existing condition, if the alleged pre-existing condition was asymptomatic at the time of the injury. *Greenwood v. The Olympic, Inc.*, 51 Wn.2d 18, 23, 215 P.2d 295 (1957); *Sutton v. Shufelberger*, 31 Wn. App. 579, 584, 643 P.2d 820 (1982).

> The rule is that when a latent condition itself does not cause pain, suffering or a disability, but that condition plus an injury brings on pain or disability by aggravating the pre-existing condition and making it active, then the injury and not the dormant condition, is the proximate cause of the pain and disability. Thus, the party at fault is held for the entire damage as the direct result of the accident. *Bennett v. Messick* 76 Wn. 2d 474, 478-79, 457 P.2d 609 (1969) (citation omitted). *See also Jordan v. Seattle*, 30 Wash. 298, 302-03 (1902). (Emphasis added)

PLAINTIFFS' TRIAL BRIEF - 3

No. 2:17-cv-01639-MJP

CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com

The Washington Pattern Instructions recognize the distinction between asymptomatic pre-existing conditions, which do not affect an injured person's right to recover damages, and symptomatic pre-existing conditions, which allow and injured person only to recover damages for the extent to which his or her injuries were different from, or an aggravation of, the preexisting, symptomatic condition. Compare WPI 30.17 with WPI 30.18. The comments to WPI 30.18 (previous infirm condition) make it clear that the instruction should not be used in cases where there is evidence of a pre-existing condition, but insufficient evidence that the condition was symptomatic at the time of the time of the injury. If there is no evidence that a pre-existing bodily condition was causing pain or disability before the occurrence, then the lighting up of that pre-existing condition makes a defendant liable for all damages proximately caused to the person in that condition. There is no prior pain or disability to segregate.

## III  WITNESSES

Plaintiff will call the following lay witnesses who will be available to testify as indicated:

| Witness | Date |
|---|---|
| Monique Bond | May 31 through June 7 |
| Brigitte Gingras | May 31 through June 7 |
| Alannah Hanlen | June 3 |
| Alan Bryant | June 3 |
| Carole Gingras | June 3 |
| Diane Platt | June 4 through June 6 |
| Glenn Sheen | June 3 |
| Linda Bérubé | June 4 through June 6 |
| Mark Berlin | June 5 through June 6 |

PLAINTIFFS' TRIAL BRIEF - 4

No. 2:17-cv-01639-MJP

CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com

| | | |
|---|---|---|
| Richard Roulx | | June 3 |
| David Bateman | | Perpetuated |

Plaintiff will call the following treating providers who may offer expert opinions and who will be available to testify as indicated:

| | |
|---|---|
| Christopher W. Brown MD | Perpetuated |
| Mehul Patel PT | Perpetuated |
| John R. Cary, MA, CRC, CDMSA, VRC, OSC | June 3 through June 7 |
| Joellen Gill, M.S., CHFP, CXLT, CSP | June 4 through June 6 |

Plaintiffs' counsel are keenly aware of the Court's timekeeping rule and will make every effort to move the trial along as efficiently as we can. Plaintiffs would like to point out, however, that Plaintiff bears the burden of proof and lay witnesses are necessary to the damages portion of Plaintiffs' case. The defense has designated three experts and three agents of the defendant.

## IV    OTHER MATTERS

### A.    Statements of Plaintiff Regarding Pain are Admissible.

In 20 Am. Jur. 493-95, Evidence, § 588, appears the following:

This is a general rule that where the physical condition of a person is relevant, the usual and natural expressions and exclamations of such person which are the spontaneous manifestations of pain and naturally flow from her sufferings are competent evidence, regardless of the person to whom they were uttered, and it will be observed, is distinct from the one which renders admissible, under an exception of the hearsay rule, or as original evidence, statements made by an injured or diseased person to her physician upon an examination by the latter for the purpose of treating the declarant. In many cases, expressions of pain and suffering are admissible *as res gestae*, provided the statements were made at the time of, or soon after, an accident. However, the rule which renders admissible the natural expressions of pain and suffering as proof of an existing condition is not so limited. The fact that expressions of present pain are made long after the injury is received will not render them inadmissible…

PLAINTIFFS' TRIAL BRIEF - 5

No. 2:17-cv-01639-MJP

CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com

B. **Lay Witnesses Are Competent to Testify as to Plaintiff's Expression of Pain.**

There is no reason laymen may not testify as to their sensory perceptions, the weight of the testimony to be determined by the trier of fact. Physical movement by the injured person can be seen and described by a layman with no prior medical training and skill. Furthermore, an injured person may testify to subjective symptoms of pain and suffering and to the limitations of her physical movements.[1]

ER 803(a)(1) (present sense impression) and ER 803(a)(3) (then existing mental, emotional or physical condition), also permit lay witness testimony concerning a tort victim's pain and suffering.

The Washington Supreme Court has long taken a very liberal view regarding lay testimony about a plaintiff's injuries, permitting testimony on the following matters:

- Before the incident, plaintiff had the appearance of "a healthy looking man - a strong laborer". Afterwards, plaintiff was in an "excited condition" and was in an "impaired condition";

- Complaints made by plaintiff about the nature and extent of her injuries;[2]

- Changes in plaintiff's condition after injury, including particulars of her disposition and physical condition.[3]

Finally, ER 701 permits lay witnesses to testify in the form of opinions when those opinions are "rationally related to the perception of the witness".

C. **Defendant is Not Entitled to a Failure to Mitigate Instruction Regarding Physical Injuries.**

There is no evidence that Plaintiff failed to abide by her physicians instructions regarding

---

[1] *Bitzan v. Parisi*, 88 Wn.2d 116, 121-22, 558 P.2d 775 (1977).
[2] *Buell v. Park Auto Transportation Co.*, 132 Wash. 92, 96 (1924).
[3] *Truva v. Goodyear Tire and Rubber Co.*, 124 Wash. 445, 447 (1923).

PLAINTIFFS' TRIAL BRIEF - 6

No. 2:17-cv-01639-MJP

CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com

her physical injuries. Defendants are not entitled to a jury instruction on failure to mitigate. Such an instruction was properly rejected where no evidence of failure to mitigate was presented:

> This instruction should be used when "(1) there is evidence creating an issue of fact as to the injured person's failure to exercise ordinary care in receiving or submitting to medical treatment, and (2) the evidence permits a segregation of the damages resulting from that failure to exercise ordinary care." WPI 33.02 at 322.
>
> Here, Marshall presented evidence that Hawkins failed to follow her doctor's advice [to join the YMCA or to follow up with her doctors for care. But Marshall did not present testimony or other evidence that Hawkins' omissions aggravated her conditions or delayed recovery. Accordingly, the evidence did not create a question of fact on the issue of mitigation of damages, and the trial court did not err in refusing to give such an instruction.[4]

Dated this 22ND day of May, 2019.

/s/ Karl Malling
Karl E. Malling, WSBA #7047
Attorneys for Plaintiff

CLAUSEN LAW FIRM PLLC

/s/ Steven M. Malek
Steven M. Malek, WSBA #28942
Attorneys for Plaintiffs

---

[4] *Hawkins v. Marshall*, 92 Wn. App. 38, 962 P.2d 834 (1998).

PLAINTIFFS' TRIAL BRIEF - 7

No. 2:17-cv-01639-MJP
CLAUSEN LAW FIRM PLLC
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4400
SEATTLE, WA 98104
TEL. (206) 223-0335 FAX (206) 223-0337
smalek@clausenlawfirm.com