UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONIQUE BOND and BRIGITTE GINGRAS,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE N.V., a foreign corporation, | CASE NO. C17-1639 MJP<br><br>ORDER ON MOTIONS IN LIMINE |

THIS MATTER comes before the Court on the Parties' Motions in Limine (Dkt. Nos. 34-37). Having considered the Parties' briefing and all related papers, the Court GRANTS in part and DENIES in part the motions.

**Discussion**

I. <u>**Plaintiffs' Motions in Limine**</u>

1. Plaintiffs' motion to exclude evidence of asymptomatic pre-existing conditions/prior injuries is DENIED. Where Plaintiff Bond has pled damages resulting from the injury at issue, including loss of enjoyment of life (Dkt. No. 1 ¶ 37), evidence that Plaintiff Bond had pre-existing injuries that limited her daily activities is relevant to her damages.

2. Plaintiffs' motion to exclude reference to Plaintiff Bond's previous marriages to men is GRANTED.

3. Plaintiffs' motion to exclude the expert testimony of Dr. Stenehjem or, alternatively, to confine his testimony to a cost opinion is DEFERRED until the Parties submit the Pretrial Order and the Court has the opportunity to review further evidence. The Court will not evaluate this motion until the Parties' have raised the issue again.

4. Plaintiffs' motion to exclude all reference to the third-party fault of the Greenhouse Spa and Salon/Fitness Center or its employees is unopposed (Dkt. No. 42 at 2). The Court therefore GRANTS Plaintiffs' motion.

**II.     Defendant's Motions in Limine**

1. Defendant's motion to exclude the testimony of James Gardiner is DENIED as moot; Plaintiffs have informed the Court that Mr. Gardiner will not testify. (Dkt. No. 41 at 1.)

2. Defendant moves to exclude the testimony of expert Joellen Gill, arguing she has no experience with the cruise industry or vessels in general, and her opinions are based on insufficient facts and data. (Dkt. No. 35 at 3-12.) But lack of particularized expertise and the factual basis for an expert's opinion go to the credibility of testimony, not its admissibility. United States v. Garcia, 7 F.3d 885, 890 (9th Cir. 1993). Defendant's motion is DENIED.

3. Defendant's motion to exclude evidence of Defendant's wealth and financial condition, including the size, capitalization, profits, or number of vessels owned or operated by the Defendant is GRANTED.

**Conclusion**

The Court GRANTS in part and DENIES in part the Parties' Motions in Limine:

(a) Plaintiffs' Motions in Limine two and four are GRANTED;

(b) Plaintiffs' Motion in Limine number one is DENIED;

(c) The Court's ruling on Plaintiffs' Motion in Limine number three is DEFFERRED;

(d) The Court GRANTS Defendant's Motion in Limine number three; and

(e) DENIES Defendant's Motions in Limine numbers one and two.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 29, 2019.

Marsha J. Pechman
United States District Judge