UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONIQUE BOND and BRIGITTE GINGRAS,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE N.V., a foreign corporation,<br><br>Defendant. | CASE NO. C17-1639<br><br>PRETRIAL ORDER |

Pursuant to LCR 16.1 and following the May 28, 2019 Pre Trial Conference, Defendant HOLLAND AMERICA LINE N.V. and Plaintiffs MONIQUE BOND and BRIGITTE GINGRAS submit their Amended Pretrial Order as follows:

**JURISDICTION**

1. Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1333.

**CLAIMS AND DEFENSES**

2. Plaintiff Monique Bond seeks compensatory damages against defendants for personal injury.

3. Plaintiff Brigitte Gingras seeks compensatory damages against defendants for loss of consortium.

4. Plaintiffs further seek their costs, attorney fees, disbursements, and pre- and post-judgment interest as provided by applicable authority.

5. Defendants assert Plaintiffs cannot prove their negligence claims.

6. Defendants assert that Plaintiffs' alleged accident, injuries, losses or damages were partially or wholly caused or contributed to by Plaintiffs' own carelessness and negligence.

7. Defendants assert that Plaintiffs' alleged accident, injuries, losses or damages were aggravated by Plaintiffs' failure to exercise reasonable diligence to mitigate the same.

8. Defendants assert that Defendants' liability, if any, for injury, illness, loss or damage, is governed by and limited to the applicable provisions of the passage ticket contract entered into between the parties.

9. Defendants assert that Defendants are entitled to all the exemptions from and limitations of liability provided in or authorized by the laws of the United States and general maritime law.

10. Defendants assert that Plaintiff Bond had injuries and conditions which pre-existed the subject incident.

11. Defendants assert that Plaintiffs' alleged injuries, losses and/or damages, if any, were and are the result of an open, obvious, and apparent "danger" that was known to and recognizedby Plaintiffs.

12. Defendants assert that Plaintiffs have no right to any relief prayed for, or any relief whatsoever.

13. Defendants reserve their right to appeal their assertion that Plaintiff Brigitte Gingras's claim for loss of consortium is barred by general maritime law.

14. Defendants reserve their right to appeal their assertion that Defendants are entitled to any and all liability limitations, immunities and rights applicable to them under the "Athens Convention relating to the Carriage of Passengers and their Luggage by Sea (PAL)," adopted 1974, as well as any of its subsequent Protocols as applicable according to law.

## ADMITTED FACTS

15. At the time of the occurrence in question, Monique Bond and Brigitte Gingras were passengers.

16. At the time of the occurrence in question, Monique Bond and Brigitte Gingras were spouses.

17. Monique Bond sustained a displaced and transverse comminuted fracture of her right patella when she slipped and fell aboard defendants' cruise ship on December 5, 2016.

18. Holland America Line N.V. at all material times was the operator of the MS NOORDAM.

19. Plaintiffs entered into a Cruise Contract with Holland America Line N.V. for a cruise from November 8, 2016 through December 7, 2016.

20. On November 8, 2016 Plaintiffs boarded the MS NOORDAM in Auckland, New Zealand for a 29-day tour of Australia, New Zealand and several South Pacific Islands.

21. Plaintiffs disembarked the MS NOORDAM on December 7, 2016.

22. Timely written notice of Plaintiffs' claims was provided to Defendants.

23. This proceeding has been timely commenced as required by contract and at law.

## ISSUES OF LAW

24. Proximate cause. There is no dispute that the Monique Bond's slip and fall aboard the cruise ship was a proximate cause of her injury. Defendants allege, and plaintiffs dispute, that Ms. Bond has preexisting conditions that are a proximate cause of her ongoing symptoms, disabilities and functional limitations.

25. Comparative fault. Defendants allege that plaintiffs' damages were caused by plaintiffs' own negligence and that of unidentified third parties.

26. Athens Convention. Defendants affirmative defense based upon the Athens Convention damages cap has been previously adjudicated and dismissed by the Court's order of December 4, 2018 [Dkt. 31]. Defendants reserve their right to appeal this decision.

27. Loss of Consortium. Defendants affirmative defense based upon an alleged bar to such claims under general maritime law has been previously adjudicated and dismissed by the Court's order of December 4, 2018 [Dkt. 31]. Defendants reserve their right to appeal this decision.

**EXPERT WITNESSES**

28. Each party shall be limited to ____ expert witnesses on the issues of _____.

29. The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which they will testify is:

    a. On behalf of Plaintiff:

        i. Dr. Christopher Waclaw Brown MD. 1 Centrepointe Drive, Ste. 408, Ottawa, ON, K2G 6E2, Canada. Dr. Brown is plaintiff Bond's treating orthopedic surgeon and will testify by deposition taken on May 16, 2019.

        ii. Mehul Patel PT. PhysioCare and Therapy Centre, 289 Greenbank Road, Ottawa, ON, K2H 8K9, Canada. Mr. Patel is plaintiff Bond's treating physical therapist and will testify by deposition taken on May 16, 2019.

iii. John R. Cary, MA, CRC, CDMSA, VRC, OSC Vocational Systems, Inc., 601 SW 152nd Street, Burien, WA 98166. Mr. Cary is a Certified Disability Management Specialist who reviewed plaintiff Bond's related medical records and will testify as to the reasonable comparative value of such medical care, treatment and services in King County, State of Washington. Available to testify June 3-7.

iv. Joellen Gill, M.S., CHFP, CXLT, CSP, Applied Cognitive Sciences, 10501 South Lambs Lane Mica, WA 99023. Ms. Gill is a Certified Safety Professional, Human Factors expert and Certified XL Tribometrist who will contradict or rebut evidence of defendants' like expert, Isaac N. Ikram. Available to testify June 4-6.

b. On behalf of Defendants:

i. Charles Brooks, M.D., 18 Cascade Key, Bellevue, WA, 98006: Dr. Brooks will testify regarding his examination of Plaintiff Bond and review of her medical records, as well as his resultant findings and opinions. Dr. Brooks is available to testify on June 5, 6 or 7.

ii. Isaac N. Ikram, Biomechanical Research & Testing, LLC, 2201 North Lakewood Boulevard, Ste.1865, Long Beach, CA 90815: Mr. Ikram will testify regarding his investigation and testing conducted of the alleged accident area as well as his resultant findings and opinions. Mr. Ikram is available to testify on June 6 or 7.

iii. Jerome Stenehjem, M.D., 2999 Health Center Drive, San Diego, CA 92123: Dr. Stenehjem will testify regarding the reasonable cost of medical

care, treatment and services provided to Plaintiff Bond. Dr. Stenehjem is available to testify the morning of June 3 or the morning of June 4.

**OTHER WITNESSES**

30. The names and addresses of the witnesses, other than experts to be used by each party at the time of trial and the general nature of the testimony of each are:

    a. On behalf of Plaintiffs:

        i. Monique Bond, 387 Siskin Court, Ottawa, ON, K2H 8J2, Canada. Ms. Bond, plaintiff, will testify regarding the incident of December 5, 2016, her previous cruise history and as to her injuries and damages and those of her spouse, plaintiff Gingras. Available to testify June 3-7.

        ii. Brigitte Gingras, 387 Siskin Court, Ottawa, ON, K2H 8J2, Canada. Ms. Gingras, plaintiff, was a witness to the incident and will further testify as to her injuries and damages relating to her loss of consortium claim and as to the injuries and damages suffered by her spouse, plaintiff Bond. Available to testify June 3-7.

        iii. Allanah Hanlen, 1725 Beach Drive, Apt. 307, Victoria, BC V8R 6H9, Canada. Ms. Hanlen was a passenger on the MS Noordam on December 5, 2016 and a witness to the incident. Available on June 3, 2019.

        iv. Alan Bryant, 1710 Fort Street, Apt. 402, Victoria, BC V8R 1J2, Canada. Mr. Bryant was a passenger on the MS Noordam on December 5, 2016 and a witness to the incident. Available on June 3, 2019.

        v. Carole Gingras, 6594 rue Chabot, Montréal, QC H2G 2T5, Canada. Ms. Gingras is plaintiff Brigitte Gingras's sister who will testify as to her

| | | |
|---|---|---|
| 1 | | observations of both plaintiffs and, in particular from a sister's point-of |
| 2 | | view, before and after the incident of December 5, 2016. Traveling from |
| 3 | | east coast on June 3rd and available to testify June 4-6. |
| 4 | vi. | Diane Platt, 16 Rue de la Planète, Gatineau, QC J9A 2Y3, Canada. Ms. |
| 5 | | Platt has known plaintiff Bond for over 35 years through both work and as |
| 6 | | a friend. She will testify as to her observations of both plaintiffs before |
| 7 | | and after the incident of December 5, 2016. Traveling from east coast on |
| 8 | | June 3rd and available to testify June 4-6. |
| 9 | vii. | Glenn Sheen, 402 Athlone Street, Ottawa, ON, K1Z 5M5, Canada. Mr. |
| 10 | | Sheen has been a friend of both plaintiffs for 8 years and will testify as to |
| 11 | | his observations of plaintiffs before and after the incident of December 5, |
| 12 | | 2016. Traveling from east coast on June 2nd and available to testify June |
| 13 | | 3. |
| 14 | viii. | Linda Bérubé, 801 Jacques-Cartier sud, Tewkesbury, QC G3C 1Y2, |
| 15 | | Canada. Ms. Bérubé, has known plaintiff Bond for 20 years through both |
| 16 | | work and as a friend and traveling companion. She will testify as to her |
| 17 | | observations of both plaintiffs before and after the incident of December 5, |
| 18 | | 2016. Traveling from east coast on June 3rd and available to testify June |
| 19 | | 4-6. |
| 20 | ix. | Mark Berlin, 485 Richmond Road #501, Ottawa, ON K2A 3W9, Canada. |
| 21 | | Mr. Berlin has known plaintiff Bond for over 20 years and will testify as |
| 22 | | to his observations of plaintiffs before and after the incident of December |
| 23 | | |
| 24 | | |

5, 2016. Traveling from east coast on June 4th and available to testify June 5-6 (subject to ability to change travel arrangements).

  x. Richard Roulx, 402 Athlone Street, Ottawa, ON, K1Z 5M5, Canada. Mr. Roulx has been a friend of plaintiff Gingras for over 15 years, and of plaintiff Bond for more than 10, and will testify as to his observations of plaintiffs before and after the incident of December 5, 2016. Traveling from east coast on June 2nd and available to testify June 3.

  xi. David Bateman, Strength Rehabilitation Institute of Ottawa, 1376 Bank Street, Ottawa, ON K1H 7Y3, Canada. Mr. Bateman is plaintiff Bond's personal trainer and coach with whom she trained to expand her capacity for physical sports activities and, particularly after Dr. Brown, in September 2018, cleared plaintiff Bond to attempt skiing during the 2018/19 ski season. He will testify by deposition taken May 14, 2019.

 b. On behalf of Defendants:

  i. James Colwell, 450 3rd Ave W, Seattle, WA 98119: Mr. Colwell is a possible witness only. If called, Mr. Colwell will testify regarding general matters with respect to Holland America Line, the MS NOORDAM, the subject accident and the passenger ticket contract. Mr. Colwell is available to testify on June 3-7.

  ii. Will Henderson, 450 3rd Ave W, Seattle, WA 98119: Mr. Henderson is a possible witness only. If called, Mr. Henderson will testify regarding Defendants' risk management protocols and the frequency of similar

| | |
|---|---|
| 1 | accidents onboard Defendants' vessels. Mr. Henderson is available to |
| 2 | testify on June 3 or June 5-7. |
| 3 | iii. Wes Demory, 450 3rd Ave W, Seattle, WA 98119: Mr. Demory is a |
| 4 | possible witness only. If called, Mr. Demory will testify regarding the |
| 5 | positioning of CCTV cameras onboard the MS NOORDAM at the time of |
| 6 | Plaintiff Bond's accident and security officer investigations of passenger |
| 7 | accidents. Mr. Demory is available to testify on June 3-5. |
| 8 | iv. Eric Brown, 450 3rd Ave W, Seattle, WA 98119: Mr. Brown is a possible |
| 9 | witness only. If called, Mr. Brown will testify regarding the cleaning and |
| 10 | maintenance procedures in place for the accident area at the time of |
| 11 | Plaintiff Bond's accident. Mr. Brown is available to testify on June 3-7. |
| 12 | v. Jonathan Cameron, 450 3rd Ave W, Seattle, WA 98119: Mr. Cameron is a |
| 13 | possible witness only. If called, Mr. Cameron will testify regarding the |
| 14 | tile flooring, water reticulation and drainage systems in the accident |
| 15 | area. Mr. Cameron is available to testify on June 3-7. |

31. As noted in LCR 16(i)(4), rebuttal witnesses need not be named.

**EHIBITS**

32. Please see the list of Plaintiffs' Exhibits at Exhibit No. 1.

33. Please see the list of Defendant's Exhibits at Exhibit No. 2.

**ACTION BY THE COURT**

34. This case is scheduled for trial before an 8 member jury on May 31, 2019.

35. Additional jury instructions requested by either party shall be submitted to the court on or before May 30, 2019. Amended suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before May 30, 2019.

36. This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 30, 2019.

*[signature]*
Marsha J. Pechman
United States District Judge